Per Curiam.
The purchaser’s objection to taking title is founded on the claim that service of the order appointing a guardian ad litem for the defendant, an infant over fourteen years of age, unless within twenty days she should procure one to be appointed, was not made. The order was not personally served upon her, because she could not be found, and subsequently the plaintiff caused a petition to be presented to the court, in which it was stated, among other things, that the infant secreted herself to avoid service. Thereupon an order for substituted service was made, ami the purchaser argues that the provisions of the order in respect to-manner of service were not complied with ; that it required two. things to be done: “First, the order appointing the guardian and the order for substituted service should both be left at the residence of the infant with some person of proper age ; second, that, copies of both orders be deposited in the post' office.” It is true that the orders were not deposited iii the post office, and if the *717 purchaser is right in his claim that the order required it to be done his position would be well taken. But we do not so read it. The provision for service of the order úpon a person of proper age at the residence of the infant was by the order made sufficient. Only in the event of the failure to make such service was the alternative of affixing the orders to the outer door and mailing them provided for. The papers were served at the residence of the infant upon her mother, and thus the order was complied with.
The order should be affirmed, with $10 costs and printing disbursements.